**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KD & KD Enterprises, LLC,           )<br>                                     )<br>           Plaintiff,                )<br>                                     )<br>vs.                                  )<br>                                     )<br>Touch Automation, LLC; Donald A. Blust,)<br>                                     )<br>           Defendants.               )<br>_____) | No. CV-06-2083-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' motion to dismiss count V (fraud) of the complaint (doc. 5), plaintiff's response (doc. 9), and defendants' reply (doc. 11).

**I**

Plaintiff KD & KD Enterprises ("plaintiff") entered into an agreement with defendant Touch Automation ("Touch"), whereby Touch sold plaintiff an automated DVD retail system (the "System"). The System functions as a DVD vending machine, automatically storing and dispensing DVDs to customers, and recording credit card information related to the sale. During purchase negotiations, defendant Donald Blust, a Touch representative, assured plaintiff that the System was not a prototype, that it was no longer in the testing stage of development, and that it would enable plaintiff to operate an automated retail DVD store in very little space with very low operating costs. When the System failed to function as

1  represented, plaintiff filed this action against Touch and Blust, alleging, <u>inter alia</u>, rescission,
2  breach of contract, and fraud.  Defendants now move to dismiss the fraud claim in count V,
3  arguing that it (1) is barred by the economic loss doctrine, and (2) fails to meet the pleading
4  requirements of Rule 9(b), Fed. R. Civ. P.

5  In count V of the complaint, plaintiff contends that it relied on defendants'
6  misrepresentations regarding the nature and quality of the System and its ability to function
7  as an automated retail DVD store, as well as their false assurance that the System was not a
8  prototype.  Plaintiff contends that it would not have entered into the agreement but for these
9  misrepresentations.

**II**

11  The so called economic loss rule has arisen in the context of tort claims for strict
12  products liability, <u>Salt River Project v. Westinghouse Elec. Corp.</u> 143 Ariz. 368, 694 P.2d
13  198 (1984), and negligence, <u>Carstens v. City of Phoenix</u>, 206 Ariz. 123, 75 P.3d 1081 (Ct.
14  App. 2003).  If applicable, it precludes recovery in an otherwise applicable tort theory and
15  leaves the parties to remedies, if any, in contract.  There is no general rule or "blanket
16  disallowance of tort recovery for economic losses," <u>Salt River Project</u>, 143 Ariz. at 379, 694
17  P.2d at 209, but only a fact specific inquiry to determine "whether the facts preponderate in
18  favor of the application of tort law or commercial law exclusively or a combination of the
19  two."  <u>Id.</u> at 380, 694 P.2d at 210.  In the context of a defective product, strict products
20  liability in tort or breach of warranty may exclusively apply, or both may apply.  One must
21  consider the nature of the defect, the manner in which the loss occurred and the kind of loss
22  or damages.  <u>Id.</u> at 376, 694 P.2d at 206.

23  Because strict products liability and negligence are torts, defendants seek to extend
24  the economic loss inquiry to all torts, even those, like fraud, specifically designed for
25  economic harm.  This logical leap would basically eviscerate the tort of fraud, for the only
26  damages one has in fraud are economic.  The law cannot be so twisted.

**III**

A broad application of the economic loss rule to preclude all tort claims, including fraud, as defendants urge, fails to recognize that both contract and fraud can arise out of commercial transactions, and that each serves a complementary, albeit distinct, purpose. The source and scope of the duty in tort and contract differ, as well as the basis for liability. An action in contract, including a warranty claim, involves a duty arising out of the parties' agreement. Tort obligations, on the other hand, are imposed by law on the basis of policy considerations, and are independent of promises made between or manifested by parties. W. Page Keeton, et al., Prosser & Keeton on The Law of Torts § 92, at 655 (5th ed. 1984). The tort of fraudulent inducement, for example, recognizes a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations. This duty is separate, distinct, and in addition to, the duties established by the contract itself.

In addition, warranty claims may be disclaimed according to the negotiations of the parties in allocating risk of nonperformance. In contrast, the duty not to engage in fraud is imposed by law, regardless of the contract, and may not be disclaimed because parties cannot, and for public policy reasons should not, be expected to contemplate the risk of fraud in their negotiations. See Salt River Project, 143 Ariz. at 382, 694 P.2d at 212-13. A party to a contract cannot reasonably calculate the possibility that the other party will deliberately misrepresent critical terms in that contract.

The key rationale underlying the economic loss doctrine presupposes that there has been a fair and equitable negotiation of the allocation of risk between the parties. It follows, based on this presumption, that parties should then be held to the terms of their agreement. Permitting a party to sue in tort when the deal goes awry effectively rewrites the agreement and allows that party to receive a benefit that was not part of the bargain. Fraudulent misrepresentation, however, undermines the ability of parties to negotiate freely, and therefore negates the presumption that an equitable negotiation has occurred. It is unreasonable to restrict a party to contractual limitations of liability when fraudulent

1 representations resulted in an unequal, unfair bargaining process. In such a situation the
2 traditional concern of tort law prevails–protecting society from an unreasonable risk of harm.
3 　　　　Fraud and contract claims are independent and compatible even when the fraudulent
4 allegations concern the quality and characteristics of goods. Unlike warranty claims, proof
5 of fraud requires a showing that not only did the product fail to perform as promised, but also
6 that the defendant knew it would not and intended to induce reliance on that
7 misrepresentation. Intentional fraud, even when arising from representations regarding the
8 nature of the goods, is based on a duty independent of those imposed by contract, and breach
9 of that independent duty is not absolved by virtue of the economic loss doctrine.
10 　　　　In sum, elimination of fraud by the economic loss rule is not only unsupported by the
11 principles underlying the economic loss rule, but is unsound for policy reasons. To hold
12 otherwise would relieve a party of liability for its intentionally fraudulent behavior. We
13 doubt that the Arizona Supreme Court would extend the economic loss doctrine beyond the
14 rule's purpose. Its extension to the tort of fraud would eliminate the tort of fraud.

**IV**

16 　　　　Defendants assert that even if we conclude that the fraud claim is not precluded by the
17 economic loss rule, we should nevertheless dismiss plaintiff's claim for failing to conform
18 to the pleading requirements of Rule 9(b), Fed. R. Civ. P. Rule 9(b) provides, "[i]n all
19 averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated
20 with particularity." A complaint asserting fraud must "detail with particularity the time,
21 place, and manner of each act of fraud, plus the role of each defendant in each scheme."
22 Lancaster Cmty Hosp. v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991).
23 The alleged fraudulent statements at issue in this case are that, before entering into the
24 agreement in March 2005, defendants Touch and Blust represented that the System would
25 "operate an automated DVD retail store in very little space and with very low operating
26 costs," Complaint ¶¶ 10, 12, and that Blust "assur[ed] KD&KD that the System was not a
27 prototype." Id. ¶ 11. We find that these allegations sufficiently meet the pleading
28 requirements of Rule 9(b).

- 4 -

**V**

Accordingly, **IT IS ORDERED DENYING** defendants' motion to dismiss count V of the complaint (doc. 5).

DATED this 27th day of December, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge